**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**DARRYL MIXON**                                                              **PLAINTIFF**

**V.**                                                          **CASE NO. 2:12-CV-0004-MTP**

**CHRISTOPHER B. EPPS, ET AL.**                                  **DEFENDANTS**

**OPINION AND ORDER**

This matter comes before the Court on the Defendants' Motion for Summary Judgment [36] based on Eleventh Amendment and qualified immunity. The Plaintiff opposes summary judgment and moves to compel [40] production of certain unauthorized discovery documents. Having considered the submissions of the parties, evidence in the record, and applicable law, the Court finds that the Defendants' motion should be granted and that the Plaintiff's motions should be denied.

CASE BACKGROUND

Plaintiff Darryl Mixon, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983 in this Court on January 11, 2012. Mixon is currently serving a life sentence in the custody of the Mississippi Department of Corrections ("MDOC"). His claims in this lawsuit arise from events which occurred while he was housed at South Mississippi Correctional Institute ("SMCI") in Leakesville, Mississippi.

On September 8, 2006, after being convicted in state court, Mixon filed a petition for writ of habeas corpus in this court. On August 24, 2009, his petition was denied and the case was dismissed with prejudice. *Mixon v. King,* No. 3:06-cv-498-TSL-MTP (S.D. Miss. Aug. 24, 2009). Mixon claims that he did not receive a copy of the judgment entered in his habeas case.

On September 7, 2010, after discovering that his petition had been denied, Mixon filed a late notice of appeal and moved for a certificate of appealability ("COA"). The district court construed Mixon's late notice as a motion for time and denied his request to file an untimely appeal. The court also denied his request for a COA because Mixon had not shown that he was deprived of a constitutional right. On February 7, 2011, the U.S. Court of Appeals for the Fifth Circuit denied Mixon's appeal and motion for a COA noting that both documents were filed more than 180 days after the entry of the district court judgment denying habeas relief. On August 12, 2011, Mixon filed a second motion in the district court for leave to file an out-of-time appeal. The motion was denied.

In addition, the Plaintiff filed grievances through the administrative remedy program ("ARP") at SMCI. Dissatisfied with the responses to those grievances, he then commenced the instant § 1983 action. In this lawsuit, the Plaintiff asserts that because he did not receive a copy of the district court judgment, he was prevented from timely filing an appeal. He claims that if he had received the judgment, his appeal would not have been dismissed by the Fifth Circuit. Mixon asserts that the following prison officials are responsible for failing to deliver his incoming mail notifying him of the district court judgment: MDOC Commissioner Christopher B. Epps; SMCI Superintendent Ronald King; SMCI Mail Room Supervisor Jean Kirkwood; Laura Tilley, David Petrie, and Joseph Cooley.[1] Defendants Tilley, Petrie, and Cooley were involved in the legal assistance and ARP process at SMCI during the times alleged in this lawsuit.

---

[1]Defendant Kirkwood was a mail room supervisor at SMCI during the times alleged in this lawsuit.

Mixon seeks an order requiring the Defendants to provide an affidavit listing the documents he received in the prison mail system in and around August 2009 when his habeas petition was dismissed. The Plaintiff wishes to use this affidavit to reinstate or pursue an appeal of the original judgment denying habeas relief. He does not seek monetary relief.

The Defendants have moved for summary judgment based on Eleventh Amendment and qualified immunity. The Plaintiff argues that summary judgment should be not be granted because the Defendants have failed to demonstrate that no material fact issues remain. In addition, the Plaintiff moves to compel production of all documents and policies related to the handling of legal mail at SMCI. Since no order allowing discovery has been entered and the Plaintiff has not obtained leave of Court to propound discovery, his motion to compel is denied.[2] Therefore, the only issue remaining before the Court is whether summary judgment is proper at this time.

## DISCUSSION

Under Fed. R. Civ. P. 56(a), summary judgment should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The party seeking summary judgment bears the burden of "informing the district court of the basis for its motion, and identifying those portions of [the record evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the moving party meets its burden, the nonmoving party must "come

---

[2]Mixon has already been given documentation from Jean Kirkwood showing what legal mail he had received during his incarceration. At the omnibus hearing, the Court found that no further discovery was necessary and ordered the parties not to propound additional discovery requests without having requested and received leave of Court. Omnibus Order [31] at 2-3. The Plaintiff failed request leave of Court prior to serving discovery requests on the Defendants.

3

forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). The nonmoving party cannot rely on metaphysical doubt, conclusive allegations, or unsubstantiated assertions but instead must show that there is an actual controversy warranting trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted).

When ruling on a motion for summary judgment, the court must consider the record evidence and draw all reasonable inferences in the nonmoving party's favor. *Paz v. Brush Engineered Materials, Inc*., 555 F.3d 383, 391 (5th Cir. 2009). In the absence of proof, the Court will not assume that the nonmoving party could have proven the necessary facts. *Paz,* 555 F.3d at 391. The Court should grant summary judgment if the plaintiff "fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988).

The Court agrees with the Defendants in that they should be granted summary judgment on the claims asserted against them in their official capacity based on Eleventh Amendment immunity. The Eleventh Amendment prohibits private citizens from suing states in federal court unless that state has waived its immunity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). A lawsuit "against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . [and thus] is no different from a suit against the State itself." *Will*, 491 U.S. at 71.

In *Ex Parte Young*, the Supreme Court recognized a narrow exception to Eleventh Amendment immunity which allows a state official to be sued in his or her official capacity for injunctive relief. See *Ex parte Young*, 209 U.S. 123, 159-160 (1908). "This exception strips the

4

individual state actor of immunity and allows a private citizen to sue that individual in federal court for prospective injunctive relief based on allegations that the actor violated federal law." *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011). A state official can be sued in his or her official capacity for injunctive relief under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham,* 473 U.S. 159, 167, n. 14 (1985) (citing *Ex parte Young*, 209 U.S. at 159-160).

Since Mixon seeks retroactive injunctive relief (i.e., an affidavit stating that the Defendants violated his constitutional rights in the past) rather than prospective relief, the *Ex Parte Young* exception does not apply to the official capacity claims in this case. Moreover, the State of Mississippi has not consented to suit in this Court or otherwise waived its immunity under the Eleventh Amendment. Therefore, the Defendants cannot be held liable for the claims made against them in their official capacity. Summary judgment is proper.

They Defendants also argue that they cannot be held liable in their individual capacity because, as state employees, they are entitled to qualified immunity. This "entitlement is an *immunity from suit* rather than a mere defense to liability; and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 427 U.S. 511, 526 (1985).

In determining whether a state official is entitled to qualified immunity, the court must decide: (a) whether the facts alleged by the plaintiff show that the official violated a constitutional right; and (b) whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 231-232 (2009). If a state official pleads "qualified immunity," the court must enter a judgment in favor of that official unless his conduct

5

violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 231 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Mixon alleges that the Defendants prevented him from pursuing a timely appeal of the judgment denying his habeas petition. Although prisoners have a constitutional right of access to courts, the Plaintiff was not deprived of that right as his appeal lacked merit. To prevail on a claim for denial of meaningful access to courts, an inmate "must demonstrate a relevant, actual injury stemming from the defendant's unconstitutional conduct." *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009) (citing *Lewis v. Casey*, 518 U.S. 343, 354, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996)). To show actual injury, the inmate must "allege that his ability to pursue a [non frivolous], arguable legal claim was hindered." *Brewster*, 587 F.3d at 769 (internal quotations omitted).

It is not enough for Mixon to allege that the Defendants failed to timely deliver court documents to him. Instead, he must show that his underlying claim had merit and that the failure to timely deliver those court documents hindered his pursuit of a legitimate, non frivolous appeal. However, the facts of this case do not show that the Plaintiff was pursuing a meritorious claim. The district court denied his motion for a COA because he had not shown a constitutional violation. If Mixon had been granted a COA, it would have supported his argument that his appeal had merit. However, no certificate was issued. Therefore, aside from the timeliness issue, Mixon could not have appealed from the judgment denying habeas relief because the district court had already determined that an appeal would be frivolous.[3]

---

[3] Where a habeas petition is denied in the district court, an appellate court lacks jurisdiction to hear the petitioner's appeal unless the petitioner obtains a COA. *Black v. Cockrell*, 314 F.3d 752, 754 (5th Cir.2002).

Since the Plaintiff was not prevented from pursuing a non frivolous, arguable legal claim, he did not suffer an actual injury.[4]  Therefore, he was not denied meaningful access to the court and consequently, did not suffer a constitutional violation.  Accordingly, the Defendants are entitled to qualified immunity.

Based on the foregoing analysis, the Court finds that Eleventh Amendment and qualified immunity apply to the claims asserted in this case.  Because the Plaintiff did not suffer a constitutional violation and because he only seeks retroactive injunctive relief, the Defendants cannot be held liable in their personal or official capacities.  Accordingly, the Defendants' Motion for Summary Judgment [36] is granted.  The Plaintiff's Motion to Compel [40] is denied.  Pursuant to Fed. R. Civ. P. 58, a separate judgment will be entered.

SO ORDERED, this the 20th day of March, 2013.

/s/**MICHAEL T. PARKER**
UNITED STATES MAGISTRATE JUDGE

---

[4]"[W]ithout proving an actual injury, a prisoner cannot prevail on an access-to-the-courts claim." *Ruiz v United States*, 160 F.3d 273, 275 (5th Cir. 1998) (prisoner was not denied access to courts when officials failed to timely deliver his incoming mail notifying him of judgments, given that his underlying claims were frivolous)